**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Arthur DEDRICK, Defendant— Appellant.**

**No. 02–10232.**

**D.C. No. CR–01–129–DWH/LRL.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM **

Defendant Arthur Dedrick pleaded guilty to possession of a firearm by a felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2). He appeals the district court's refusal to suppress evidence resulting from the search of his backpack. On de novo review, we affirm.

Defendant argues that the search of his backpack was not justified by a need to protect the officers' safety or to preserve evidence, the rationales underlying *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, the test for determining the validity of a search incident to arrest does not require the government to show that either of those criteria is met. Instead, the test is (1) whether the area or item to be searched is under the arrestee's immediate control at the time of the arrest, and (2) whether events between the time of the arrest and the search render the search unreasonable. *United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir.1993); *United States v. Tarazon*, 989 F.2d 1045, 1051 (9th Cir.1993).

Here, the backpack was under Defendant's immediate control; it was draped over his shoulder when he was stopped and was resting next to him when he was ordered to the ground. The fact that the backpack was closed does not avail Defendant. *See Nohara*, 3 F.3d at 1243 (approving search of black bag and seizure of its contents). Neither does the fact that Defendant had been moved away from the

backpack. *See United States v. McLaughlin*, 170 F.3d 889, 890–91 (9th Cir.1999); *United States v. Hudson*, 100 F.3d 1409, 1413 (9th Cir.1996). Additionally, no event between the time of the arrest and the time of the search made the search unreasonable; the search occurred almost immediately after the arrest.

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.